FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 1 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 10-CR-301 |
| – against – | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)** |
| JOSHUA ORTIZ, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 19, 2010, Joshua Ortiz pled guilty to a lesser included count of a single-count indictment. The indictment charged that between February 2009 and March 2010, Ortiz, together with others, conspired to distribute and possessed with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).

Ortiz was sentenced on January 7, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be fifteen and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between eighteen and twenty-four months. The calculation of the total offense level included a three-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years and no minimum term of imprisonment. The guidelines range of fine was from $7,500 to $1,000,000. The underlying indictment was dismissed.

Ortiz was sentenced to seven months incarceration and three years' supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Ortiz is twenty-five years old and in good health. Until his arrest for the present offense, he lived with his mother and a fifteen-year-old half-brother, his only sibling, in the Red Hook Houses, a public housing development in the Red Hook section of Brooklyn.

Ortiz was raised by his mother, who currently is employed with the New York City Housing Authority. His parents separated when he was five or six years old. His father was incarcerated for much of defendant's childhood and provided the family no financial support. Ortiz maintains no relationship with his father but has close relationships with his mother, brother, and grandmother.

He attended Grady High School in the Brighton Beach neighborhood of Brooklyn. He reports receiving average grades but dropped after the tenth grade, in 2003, because of the lengthy commute and his desire to be "in the streets" with friends. He spent most of the period between 2003 and 2010 unemployed; he states that he spent his free time hanging out with friends and playing basketball. From April 2009 to April 2010, he worked as an electrician's assistant. His former employer described him as a reliable worker and indicated that he would consider re-hiring him.

Defendant has a single prior conviction, for third-degree trespassing offense in 2007.

Ortiz was involved in the instant conspiracy as a street-level drug dealer with no managerial authority. He and two coconspirators sold small quantities of crack cocaine to an undercover officer in a series of transactions between February 2009 and March 2010. In all, they sold the officer over five grams of crack for a total price of $640.

A sentence of seven months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking will result in a substantial period of incarceration. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his sincere remorse for his crime and his desire to improve his life.

Jack B. Weinstein
Senior United States District Judge

Dated: January 10, 2011
Brooklyn, New York